UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **Ginger L. Kirby,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. _____** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **Asset Acceptance LLC, Northland** | ) | **DEMANDED** |
| **Group, Inc., and Academy Collection** | ) | |
| **Services, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Ginger L. Kirby, for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendants violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Florence Division because the Plaintiff resides in Florence County and the Defendants transacted business in this division.

## PARTIES

4.  The Plaintiff, Ginger L. Kirby, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years.

5.  The Defendant, Asset Acceptance, LLC, is a Delaware corporation with its principal place of business located at 28405 Van Dyke Avenue, Warren, Michigan 48093.  The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division.  The Defendant is engaged in the business of collecting consumer debts from consumers residing in Florence County, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

6.  The Defendant, Northland Group, Inc., is a Minnesota corporation with its principal place of business located at 7831 Glenroy Road, Suite 350, Edina, Minnesota 55439.  The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division.  Defendant Northland Group is engaged in the business of collecting consumer debts from consumers residing in Florence County, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

7.  The Defendant, Academy Collection Services, Inc. ("Academy"), is a Pennsylvania corporation with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154.  The Defendant, was in all respects and at all times relevant herein, doing business in the state of South

Carolina and in this Division. Defendant Academy is engaged in the business of collecting consumer debts from consumers residing in Florence County, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

8. The Defendants each participated in, and contributed to, the acts that injured and damaged the Plaintiff as set forth herein below.

9. Defendants each acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff herein.

## FACTUAL ALLEGATIONS

10. Beginning in or around February, 2008, and continuing through May 4, 2009, the Defendants, their agents and employees, have called the Plaintiff multiple times with the intent to harass, annoy, and intimidate the Plaintiff. Additionally, the Defendants have left messages on the Plaintiff's non-exclusive answering machine stating they were calling to collect a debt from the Plaintiff.

11. The Plaintiff received her first written communication from Asset Acceptance on February 14, 2008. In response, the Plaintiff sent a letter to Asset Acceptance requesting validation and verification of the debt, as well as instructing Asset not to call her regarding this account. The Plaintiff's letter

was mailed certified mail and Asset received the letter on March 10, 2008.

12. Despite receiving the Plaintiff's do not call letter and request for validation, Asset continued to call the Plaintiff on March 12, April 7, April 8, April 23, May 13 and May 14, 2008.

13. On April 1, 2008, Asset sent a second letter to the Plaintiff offering her the opportunity to enter into a payment plan. However, no validation of the debt was included.

14. Asset never provided the requested validation and verification of the alleged debt.

15. On or about June 10, 2008, the Plaintiff received a letter from Northland stating that Asset had assigned the account to them for collection. The Plaintiff immediately sent a certified letter to Northland requesting validation of the alleged debt, and informing Northland that she did not want to receive any calls. The Plaintiff never received any validation of the debt from Northland.

16. On June 10, 2008, Northland also called the Plaintiff and left a voicemail on the Plaintiff's non-exclusive answering maching stating that "this is an attempt to collect a debt". This voicemail was heard by a third party.

17. On June 13, 2008, Northland called the Plaintiff again. This time the call was answered by Jack DeWitt. The caller stated he was calling to collect a debt to

which Mr. DeWitt replied that a do not call letter had already been sent by the Plaintiff to Northland. Mr. DeWitt then hung up the phone.

18. Thereafter, despite knowledge that the Plaintiff disputed the debt and had previously requested validation of the debt, Asset assigned the account to Academy for collection. Academy began calling the Plaintiff on February 5, 2009. During one call, Academy collector Deana Stackley left a message for the Plaintiff on her answering machine. That same day, a male collector called and left a message stating that he "was entering a judgment against the Plaintiff and that she needed to call that day if she was interested in trying to resolve the matter."

19. On February 9 and 13, 2009, the Plaintiff received computerized messages from Academy.

20. Plaintiff received a letter from Academy on February 11, 2009. In response to this letter, the Plaintiff sent a certified letter to Academy demanding validation of the alleged account and instructing Academy not to call her regarding this account.

21. The Plaintiff never received validation of the account from Academy.

22. Asset resumed attempting to collect the account in April, 2009 by sending two letters to the Plaintiff. The first letter, received on April 11, 2009, stated that Asset was in receipt of the Plaintiff's correspondence regarding information

reported on her credit report. As a result of Asset's investigation, Asset was going to report the account as "disputed" to the credit reporting agencies. The next letter, received on April 13, 2009, was to provide validation of the debt. However, the alleged validation was simply a document created by Asset which listed the same information contained on their letters. Finally the Plaintiff received letter from Asset on May 4, 2009, offering to settle the account for $439.87 as part of the "bailout bandwagon."

23. To date, the Plaintiff has never received true validation of the debt from Asset or any other debt collector attempting to collect this debt on behalf of Asset.

24. Asset is continuing to report this account on the Plaintiff's credit report without noting that the account is disputed. The Plaintiff's Experian and Equifax credit reports both show that Asset is reporting the alleged account as a "collection account" with no indication that the account is disputed.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

25. The Plaintiff adopts the averments and allegations of paragraphs 10 through 24 hereinbefore as if fully set forth herein.

26. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

27. The Defendants violated §1692c(a)(1) by contacting the Plaintiff at a time or

place Defendants knew or should have known was inconvenient to the Plaintiff.

28. The Defendants violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by using language the natural consequence of which is to abuse the hearer; and by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

29. The Defendants violated §1692e by making false and misleading representations to the Plaintiff. At the time the Defendants made these representations to the Plaintiff, the Defendants knew, or should have known, that said representations were false. Said representations made by Defendants were made recklessly, willfully, and/or intentionally.

30. Defendant Asset violated §1692e(8) by failing to communicate to the credit reporting bureaus and other persons and/or entities that the Plaintiff's disputed debt was disputed.

31. In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff that the debt was disputed, Defendants failed to cease collection of the debt, or any disputed portion thereof. Specifically, Asset continued to report the disputed debts on the Plaintiff's credit reports in an effort to collect

the debt. Additionally Asset continued to attempt to collect the debt by assigning the account to its agents Northland and Academy without ever providing the requested validation.

32. The Defendants violated the FDCPA by leaving messages for Plaintiff on her answering machine.

33. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

34. The Plaintiff adopts the averments and allegations of paragraphs 10 through 33 hereinbefore as if fully set forth herein.

35. Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

36. Defendants knew or should have known that said conduct was improper and in violation of the FDCPA.

37. Defendants negligently failed to train and supervise collectors in order to prevent said improper conduct.

38. Defendants negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

39. As a result of the Defendants' negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

40. The Plaintiff adopts the averments and allegations of paragraphs 10 through 39 hereinbefore as if fully set forth herein.

41. Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

42. Defendants knew or should have known that said conduct was improper and in violation of the FDCPA.

43. Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

44. Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

45. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment

against the Defendants as follows:

    A.    Statutory damages of $1,000 to the Plaintiff from each Defendant for the violations of the FDCPA (15 U.S.C. §1692k);

    B.    Actual damages for Defendants' violations of the FDCPA;

    C.    Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C. § 1692k; and

    D.    Compensatory and punitive damages against Defendants in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendants' Negligent Training and Supervision, and Reckless and Wanton Training and Supervision.

    E.    For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL - RESTRICTED DELIVERY:**

Asset Acceptance, LLC
c/o The Corporation Company, registered agent
30600 Telegraph Road, Suite 2345
Bingham Farms, MI 48025

Northland Group, Inc.
C/o Lance Black, President
7831 Glenroy Road, Suite 350
Minneapolis, MN 55439

Academy Collection Service, Inc.
C/o C T Corp System, registered agent
75 Beattie Place
Greenville, SC 29601